FILED

1   **IVAN RENE MOORE**
    **1236 Redondo Blvd**
2   **Los Angeles California 90019**              2022 DEC 13  AM 9: 55
    **Phone: (323) 932-9439**
3   **Ivan Rene Moore In  Pro Se**                CLERK U.S. DISTRICT COURT
                                                  CENTRAL DIST. OF CALIF.
4                                                      LOS ANGELES
                                                  BY

5
                    **UNITED STATES DISTRICT COURT**
6
                    **CENTRAL DISTRICT OF CALIFORNIA**
7

8
9   **IN RE**                              )   **Case No. 2:22-CV-03463 JGB**
                                           )
10  **DEBTOR KIMBERELY MARTIN**            )   **Bankruptcy Case Number**
    **BRAGG**                              )   **2:16-bk-22878 BR**
11                                         )
                                           )   **Adversary Case Number**
12  **IVAN RENE MOORE.,** an individual(s) et )
13  **al.,**                               )   **2:22-ap-01058-BR**
                                           )   **2:22-ap-01080-BR**
14              Plaintiffs-Appellant       )
15                                         )
                                           )
16      v.                                 )   **APPELLANT'S MOORE'S OPPOSITION**
                                           )   **TO THE ORDER TO SHOW CAUSE**
17  **KIMRELY MARTIN BRAGG.,** an          )   **ISSUED BY THIS COURT DATED 12/1/22**
    individual(s) et al.,                  )
18                                         )
                Defendants-Appellee        )
19                                         )
                                           )
20                                         )
                                           )
21                                         )

22

23
    _____
24
    **TO THE HONORABLE COURT AND TO ALL PARTIES: APPELLANT-PLAINTIFF**
25
    **IVAN RENE MOORE** hereby respectfully submits and file his Opposition to this Court's Order
26
    to Show Cause issued 12/1/2022
27
28                                             **ORIGINAL**

                                  _____

                                              1

Re: **ORDER TO SHOW CAUSE BASED ON A RULING OF JUDGE OTIS WRIGHT ISSUED ON MAY 17TH 2018 THAT HAS BEEN MOOT FOR YEARS:**

There appears to be a concerted efforted to unlawfully deprive this United States Citizen of his right(s) under the United States Constitution. The Supreme Court has adopted the maxim that "Justice delays is Justice denied".

This Court should be aware that Judge Otis Wright's Order of May 17th, 2018, is **MOOT** with no force and effect because the Wells Fargo debt was discharged years ago therefore, any rights that Wells Fargo Bank may have had are long gone and totally extinguished. **(See Exhibit A Bankruptcy Discharge for Moore and the various Moore Corporations)**

Additionally it is abundantly clear that the ruling from Judge Otis Wright had clearly states that **"any case-initiating pleading submitted by {Moore} raising any matter related to his prior dispute with <u>WELLS FARGO BANK</u> are presumptively barred……..…….."**

### THE SPECIFICS OF THE   PRE-FILING ORDER OF 5/17/18

Judge Otis Wright on May 17, 2018, over 4 years ago, did issue a pre-filing order, it is also factual that the prefiling order does not apply in any manner or what-so-ever to the present Bankruptcy fraud appeal issues before this Honorable Court District Court Judge Jesus G. Bernal.

**JUDGE WRIGHT'S ORDER SPECIFICALLY STATES:**

**"(1) Any case-initiating pleading submitted by Plaintiff must be screened to determine if does any of the following:|**

> **Seeks to raise any of the claims alleged in this action;**
>
> **Attacks, seeks to vacate, void or expunge, or otherwise**
>
> **seeks challenge in any way-whether directly or indirectly-**
>
> **Wells Fargo's $7.1 million judgment lien to Wells Fargo's right**

**to levy and sell personal property of Moore and the other**

**Judgment Debtors; Or seeks to litigate ownership of 6150 Shenandoah**

**Avenue, Los Angeles, California 90065 ("Shenandoah Residence") or the ..........**

This appeal case and these appeal issues have nothing whatsoever to do with any or relates to the Judge Wright's Order of these specific order issued, therefore there is absolutely no or any violations of that order.

This Appeal has nothing to do with Wells Fargo Bank. It has also nothing to do with the ownership of Shenandoah Residence. It surely has nothing to do with this Debtor's Bragg's personal property.

Again, it is clear and irrefutable that the Bankruptcy appeal has absolutely nothing **what-so-ever** to do with Wells Fargo Bank or the issues listed in Judge Otis Wright's order of 5/18/17.

This Bankruptcy Appeal has only to do with the Debtor /Appellee Kimberly Martin-Bragg and others fraud and nothing to do at all with Wells Fargo Bank. This Debtor/ Appellee Kimberly Martin-Bragg has committed wilful Bankruptcy Fraud, Fraud upon the Court, Fraud in filing false bankruptcy petitions and false bankruptcy schedules. Including but not limited to the filing of wilful false information and false declarations and under stating income and over stating expenses, hiding assets valued in the millions of dollars and filing wilful false information with the Bankruptcy Court.

The Debtor's Martin-Bragg- Barbour's bankruptcy filing by this debtor is an unlawful act and scheme of this Debtor that was concocted to obtain a bankruptcy discharged based on the wilful unlawful fraud and Fraud upon the Court as well as grand theft. Also including many other nefarious and unlawful acts that are in violation of the Bankruptcy laws and Bankruptcy code and the federal rules of court.

This Debtor in the past attempted to use the Judge Wright's ruling in the furtherance of this debtor's fraud in the bankruptcy Court, Judge Russell rejected this debtor's erroneous self-serving theory. In this debtor's first bankruptcy filing was dismissed for cause, by the Honorable Ernest M. Robles, on June 4th, 2015, case no 2:14-bk-15698. Judge Robles stated: **(See Exhibit B Pg. 2 ¶ 2)**

*"The Court is sympathetic to the challenges of the Debtor in state court. However, it is not this Court's province, as a Federal Bankruptcy Court, to usurp the role of the state court. The state court has separate duties. This Court's obligation, under Title 11, Chapter 11, is to, among other things, permit debtors to timely and reasonably reorganize their debts. Reorganization is not happening here. Although this case has been pending for over a year, the Debtor has evidenced no effort or present capability to proceed toward confirmation."*

This fraud and nefarious conduct by this debtor were uncovered by Judge Robles and the case was dismissed for cause on June 4th, 2015, by the Honorable Judge Robles.

This OSC should be dismissed that was filed by this Honorable Court. A simple *4 second* review of this Court Case Summary would show that in fact, this Appellant did timely file all the required documentation and is ready to proceed with the filing of this Appellant's Opening Brief in this matter.

Notwithstanding these facts, the Court issued an OSC Re dismissal on 12/1/2022 based on the ruling of Judge Otis Wright which is now Moot. This Appellant opposed this Court's OSC issued on 12/1/2022 based on the Judge Otis Wright order which is now Moot and has been for years. Any Wells Fargo rights regarding Moore and the Moore corporation's property have long been extinguished and therefore, a non-issue as it relates to this Bankruptcy Appeal.

This Court should also be aware that Wells Fargo did not have any rights whatsoever to other persons or other corporations' personal and business property. This Court should and **must** recall, dissolved and or dismiss the **ORDER TO SHOW CAUSE ISSUED ON 12/1/2022** as a matter of Judicial Fairness and Justice.

Based on the exhibits attachments and the written opposition proffered by this Appellant Moore, to the Court regarding the OSC that was filed by this Court on 12/1/2022. This Court should and must dismiss and or vacate this OSC.

This Court should also be aware that the bankruptcy Court has ruled on this issue regarding whether Judge Otis Wright's ruling effected the bankruptcy Court's issues and various filings.

The Bankruptcy Court ruled that Judge Wright's ruling had nothing to do with the Debtor's Bragg and the issues in the bankruptcy Court.

Therefore, this issue regarding Judge Wright's order has been asserted by Debtor Martin-Bragg-Barbour and summarily denied by Judge Russell in the bankruptcy Court proceedings that was held on April 19th, 2022. **(See Exhibit C true and correct copy of 4/19/22 Transcript Page 21, lines 3-22)**

There has been and there was absolutely no violation of Judge Otis Wright's order. Also Judge Otis Wrights order is **MOOT** because the Wells Fargo debt was discharged years ago and has no force and or effect.

Also, it is very troubling if there were a violation of Judge Wright's Order, it would have to be referred to Judge Otis Wright because it is his order. This is a Bankruptcy Appeal that mandates to be adjudicated on the merits and not sidetracked with side issues that have been

resolved also by the Bankruptcy Court which determined that The Judge Wrights order was a non-issue as it relates to bankruptcy issues.

This Debtor Bragg-Barbour clearly committed bankruptcy Fraud and fraud upon the court. Bankruptcy Fraud and Fraud upon the Court is a very serious matter that must be tried, adjudicated and thereafter the offending party must be punished. This Court should also be aware that Martin Bragg-Barbour stated in the Los Angeles Superior Court Moore v Bragg case# BC480013. This Debtor stated under the penalty of perjury that she had no knowledge or information regarding the subject property. **(See Exhibit D)**

Based on those false statements and on information provided to the authorities that Martin-Bragg-Barbour was attempting to sell these very valuable assets. A Writ of Execution was issued by the Los Angeles Superior Court Clerk's office on May 20th 2021. The Los Angeles Sheriff's Department was authorized to use reasonable force to gain access to the 6150/6160 Shenandoah property. A raid on July 7th, 2021, was conducted by the Los Angeles Sheriff's Department at the Kimberly Martin-Bragg's resident located at 6150/6160 Shenandoah. Automobiles, motorcycle parts, very valuable recording equipment and legal and personal documents, real property deeds, Moore family heirlooms and copywrite agreement were found. **(See Exhibit E)**

Judge Rosenblatt had lawfully Ordered the return of all the property to this Appellant Moore on November 8th, 2013, Kimberly Martin-Bragg wilful defied Judge Rosenblatt's order **(See Exhibit F).**

Kimberly Martin-Bragg falsely claimed to various courts and various State and Federal Judges that all property was given to Wells Fargo. When in fact Kimberly Martin-Bragg had and still today has possession and control of the property.

Kimberly Martin-Bragg is and was in total wilful violation of Judge Rosenblatt's valid Court Order. The California Court of Appeal affirmed Judge Rosenblatt's ruling on 9/8/2017. **(See Exhibit G)**

The Los Angeles Sheriff's Department found Appellant Moore's and other persons personal property including automobiles motorcycle, personal property and personal legal documents and personal documents, deeds to real property, copyright contracts Moore family heirlooms, etc. This property was valued by Judge Rosenblatt to be in the millions of dollars. **(See Exhibit H).**

The Los Angeles Sheriff's Department raid on July 7th, 2021, at the resident of the Debtor Martin-Bragg-Barbour clearly shows that Kimberly Martin-Bragg is totally and willfully untruthful to all courts including the Honorable 9th Circuit Court of Appeals. The Debtor Kimberly Martin-Bragg should be sanctioned for her wilful misconduct. **(See Exhibit H,I,J,) a true and correct pictures of the LASD 7/7/21 raid at the 6150 Shenandoah property)**

The Bankruptcy code requires that a debtor list on their bankruptcy petitions and schedules all property in their possession and control and the value and the owner of the property.

This is clear and irrefutable evidence that this Debtor Kimberly Martin-Bragg was and is in violation of Judge Rosenblatt November 8th, 2013, lawful Order. Also, the Debtor Kimberly Martin-Bragg is also in violation of the bankruptcy code and statute, in the falsification of the bankruptcy petitions and schedules in an attempt to gain an unlawful Bankruptcy discharge based on wilful Fraud and wilful Fraud upon the Court.

//

//

//

## CONCLUSION

Based on the forgoing written information and exhibits submitted by this Appellant Ivan Rene Moore, respectfully requesting this Court must and should vacate and or dismiss/dissolve the **ORDER TO SHOW CAUSE BASED ON THE JUDGE OTIS WRIGHT RULING REGARDING THE ISSUE OF THE VEXATIOUS LITIGANT.**

**Respectfully Submitted:**

**Dated: December 11th, 2022**

**Ivan Rene Moore**
**Appellant in Pro se**

## DECLARATION/AFFIDAVIT OF IVAN RENE MOORE

I, Ivan Rene Moore declare as follows:

At all times herein mentioned I am an individual over eighteen (18) years of age, residing in the County of Los Angeles, California.  I make this Declaration/Affidavit based on my personal knowledge and of sound mind and if called and sworn, I could and would competently testify to the following:

1. I am the Appellant in this Appeal, this is my declaration/ Affidavit in this matter.

2. I received from the United States District Court sometimes after 12/1/22 an Order to Show Cause.

3. The ruling from Judge Otis Wright issued on May 17, 2018, relates to the issues involving Wells Fargo Bank.

4. This Court should be aware that Judge Otis Wright's order is moot with no force and effect.

5. The Wells Fargo debt was discharged years ago therefore any rights or collection rights that Wells Fargo Bank had are long gone and extinguished.

6. Also, the Appeal filed in this action does not in any way relate or involve Wells Fargo Bank.

7. This bankruptcy Appeal relates to Bankruptcy fraud, Fraud upon the Bankruptcy court and other nefarious conduct of this debtor Bragg and others. Not including Wells Fargo Bank.

8. Based on the forgoing and the attached exhibits and written information and Declaration/Affidavit, this Appellant is respectfully requesting this Court to vacate and or dismiss the **ORDER TO SHOW CAUSE** that was issued on December 1st 2022 by this Honorable Court Judge Jesus G. Bernal, United States District Court Judge in this matter.

9. This Appellant Ivan Rene Moore respectfully requests that this Court issue Briefing Schedules in this matter as a matter of Justice and fairness under the law.

I declare under penalty of perjury the above is true and correct under the laws of the United States of America.  Dated: December 11th, 2022



IVAN RENE MOORE

**PROOF OF SERVICE**

I, the undersigned, declare that I am employed in the city of Los Angeles, California. I am over the age of eighteen (18) years and I am not a party to the within action.

On December 11th 2022, **I served the following document:**

**APPELLANT'S MOORE'S OPPOSITION TO THE ORDER TO SHOW CAUSE ISSUED BY COURT DATED 12/1/22**

**SEE SERVICE LIST**

[X]    BY MAIL- I placed each such sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Los Angeles, California, following ordinary business practices.

[ ]    STATE- I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.**

**DATED:** December 11th 2022,

Devra Allen

**SERVICE LIST**

**Lee T Dicker**
Leonard Dicker and Schreiber LLP
10940 Wilshire Boulevard Suite 2100
Los Angeles, CA 90024
310-551-1987
Fax: 310-277-8050
Email: ldicker@ldslaw.com
*LEAD ATTORNEY*

**Steven A. Schuman**
Leonard Dicker and Schreiber LLP
10940 Wilshire Boulevard Suite 2100
Los Angeles, CA 90024-3936
310-551-1987
Fax: 310-277-8050
Email: sschuman@ldslaw.com

**Ronald Hills**
**1236 Redondo Blvd**
**Los Angeles, California 90019**

PRIORITY MAIL
POSTAGE REQUIRE

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

FROM:

Rene Moore
1236 Redondo Blvd
Los Angeles, Ca 90019

Edward R. Roybal Federal Building
United States District Courthouse
255 East Temple Street
Los Angeles, CA 90012-3332
Document Filing Window

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE


UNITED
POSTAL SE

U.S. POSTAGE
$9.90
PM
90036
Date of sale
12/12/22
06   2S   SSK
11486868
05182121216121215

**PRIORITY MAIL ®**

RDC 05

C032

IVAN R MOORE
1236 S REDONDO BLVD
LOS ANGELES CA 90019-1546

EXPECTED DELIVERY DAY: 12/13/22

SHIP
TO:
DISTRICT COURT
255 E TEMPLE ST
LOS ANGELES CA 90012-3332

USPS TRACKING® NUMBER

9505 5066 6491 2346 5123 95





P S00000 1000014

EP14F July 2013
OD: 12.5 x 9.5

This envelope is made from post-consumer waste. Please recycle again

# EXHIBIT

# A

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Ivan Rene Moore** | | Social Security number or ITIN **xxx-xx-4304** |
| | First Name    Middle Name    Last Name | | EIN **94-3318037** |
| Debtor 2 | | | Social Security number or ITIN _ _ _ _ |
| (Spouse, if filing) | First Name    Middle Name    Last Name | | EIN _ _-_ _ _ _ _ _ _ |

United States Bankruptcy Court **Central District of California**

Case number: **1:17-bk-12071-MB**

## Order of Discharge – Chapter 7

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Ivan Rene Moore
dba Rene Moore Music Inc, dba Radio
Multi-Media Inc., dba Rufftown Ent Inc.

[include all names used by each debtor, including trade names, within
the 8 years prior to the filing of the petition]

Debtor 1 Discharge Date: 6/5/20

**Dated:** 6/5/20

**By the court:** Martin R. Barash
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case,
and it does not determine how much money, if
any, the trustee will pay creditors.

#### Creditors cannot collect discharged debts

This order means that no one may make any
attempt to collect a discharged debt from the
debtors personally. For example, creditors
cannot sue, garnish wages, assert a deficiency,
or otherwise try to collect from the debtors
personally on discharged debts. Creditors cannot
contact the debtors by mail, phone, or otherwise
in any attempt to collect the debt personally.
Creditors who violate this order can be required
to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a
claim against the debtors' property subject to that
lien unless the lien was avoided or eliminated.
For example, a creditor may have the right to
foreclose a home mortgage or repossess an
automobile.

This order does not prevent debtors from paying
any debt voluntarily or from paying reaffirmed
debts according to the reaffirmation agreement.
11 U.S.C. § 524(c), (f).

#### Most debts are discharged

Most debts are covered by the discharge, but not
all. Generally, a discharge removes the debtors'
personal liability for debts owed before the
debtors' bankruptcy case was filed.

Also, if this case began under a different chapter
of the Bankruptcy Code and was later converted
to chapter 7, debts owed before the conversion
are discharged.

In a case involving community property: Special
rules protect certain community property owned
by the debtor's spouse, even if that spouse did
not file a bankruptcy case.

For more information, see page 2 >

Official Form 318−CACBdodb/CACodsc          **Order of Chapter 7 Discharge**                    page 1

## Some debts are not discharged

Examples of debts that are not discharged are:

♦ debts that are domestic support
  obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has
  decided or will decide are not discharged
  in this bankruptcy case;

♦ debts for most fines, penalties,
  forfeitures, or criminal restitution
  obligations;

♦ some debts which the debtors did not
  properly list;

♦ debts for certain types of loans owed to
  pension, profit sharing, stock bonus, or
  retirement plans; and

♦ debts for death or personal injury caused
  by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation
agreement are not discharged.

In addition, this discharge does not stop
creditors from collecting from anyone else who is
also liable on the debt, such as an insurance
company or a person who cosigned or
guaranteed a loan.

---

**This information is only a general summary
of the bankruptcy discharge; some
exceptions exist. Because the law is
complicated, you should consult an
attorney to determine the exact effect of the
discharge in this case.**

---

United States Bankruptcy Court
Central District of California

In re:                                                          Case No. 17-12071-MB
Ivan Rene Moore                                                 Chapter 7
          Debtor

## CERTIFICATE OF NOTICE

District/off: 0973-1          User: admin              Page 1 of 2          Date Rcvd: Jun 05, 2020
                             Form ID: 318a             Total Noticed: 33

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 07, 2020.
```
db        +Ivan Rene Moore,    20929 Ventura Blvd # 47,    Woodland Hills, CA 91364-2334
aty       +Greenberg & Bass,    Greenberg & Bass,    16000 Ventura Boulevard, Suite 1000,
           Encino, CA 91436-2762
cr         CAB WEST LLC,    C/O Randall P. Mroczynski,    Cooksey, Toolen, Gage, Duffy & Wong,
           535 Anton Blvd, 10th Fl,    Costa Mesa, CA 92626-1947
res       +Kimberly Barbour,    6150 Shenandoah Avenue,    Los Angeles, CA 90056-2021
cr        +PRO VALUE PROPERTIES, LLC,    27489 Agoura Rd., Ste. 102,    AGOURA HILLS, CA 91301-2481
cr        +Peter Baer,    27489 Agoura Rd., Ste. 102,    AGOURA HILLS, CA 91301-2481
cr        +Ronald Hills,    1236 Redondo Blvd,    Los Angeles, CA 90019-1546
cr        +Strategic Acquisitions, Inc.,    PO BOX 517,    Agoura Hills, CA  91376,
           UNITED STATES 91376-0517
cr        +Wells Fargo Bank, N.A.,    Assayag Mauss, LLP,    2915 Red Hill Avenue,    Suite A200,
           Costa Mesa, CA 92626-7978
37975547   City of Milwaukee,    P.O. Box 53203,    Milwaukee Wl 53203
37975542  +City of Milwaukee,    C/O Godfrey & Kalm,    735 N. Water St., Suite 1300,
           Milwaukee, WI 53202-4106
37975549  +James Mitchell,    1236 Redondo Blvd,    Los Angeles California 90019-1546
37975548  +Kim Bragg,    C/O Peter Lively,    1 1268 Washington Blvd Suite 203,
           Culver City California 90230-4647
37975546  +Mike Brooks,    1236 Redondo Blvd,    Los Angeles 90019-1546
37975539  +NKE Global,    1976 La Cienega Suite 271,    Los Angeles California 90034-1627
37975538  +Ronald Hills,    1236 Redondo Blvd,    Los Angeles California 90019-1546
38426947  +Sam Essien,    645 W 9th Street #110-279,    Los Angeles, CA 90015-1640
39226370  +Strategic Acquisitions, Peter Baer, DLI Properties,    27489 Agoura Rd., 2nd Fl.,
           Agoura, CA 91301-2419
37975544  +Vann Johnson,    1236 Redondo Blvd,    Los Angeles 90019-1546
37975540  +Wells Fargo Bank,    C/O Godfrey & Kahn,    200 S. Washington Street, Suite 100,
           Green Bay Wl 54301-4298
37975541  +Wells Fargo Bank, N.A.,    C/O Joshua Partington,    Assayag Mauss,
           2915 Red Hill Ave., Suite A200,    Costa Mesa, California 92626-7978
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
tr        +E-mail/Text: dgottlieb@iq7technology.com Jun 06 2020 04:27:07    David Keith Gottlieb (TR),
           16255 Ventura Boulevard, Suite 440,    Encino, CA  CA 91436-2308
smg        EDI: EDD.COM Jun 06 2020 08:18:00    Employment Development Dept.,    Bankruptcy Group MIC 92E,
           P. O. Box 826880,    Sacramento, CA  94280-0001
smg        EDI: CALTAX.COM Jun 06 2020 08:18:00    Franchise Tax Board,    Bankruptcy Section MS: A-340,
           P. O. Box 2952,    Sacramento, CA  95812-2952
smg        E-mail/Text: finance.bankruptcy@lacity.org Jun 06 2020 04:26:16    Los Angeles City Clerk,
           P. O. Box 53200,    Los Angeles, CA  90053-0200
37975552   EDI: IRS.COM Jun 06 2020 08:18:00    Department of the Treasury,    Internal Revenue Service,
           Centralized Insolvency Operation,    P.O. Box 7346,    Philadelphia, PA 19101-7346
38128404   EDI: DIRECTV.COM Jun 06 2020 08:18:00    Directv, LLC,    by American InfoSource LP as agent,
           PO Box 5008,    Carol Stream, IL  60197-5008
37982013   EDI: FORD.COM Jun 06 2020 08:18:00    Ford Motor Credit Company, LLC,    P.O. Box 62180,
           Colorado Springs, CO  80962
38004797   EDI: CALTAX.COM Jun 06 2020 08:18:00    FRANCHISE TAX BOARD,    BANKRUPTCY SECTION MS A340,
           PO BOX 2952,    SACRAMENTO CA 95812-2952
37975543  +EDI: FORD.COM Jun 06 2020 08:18:00    Ford Motor Credit,    P.O. BOX 552679,
           Detroit Michigan 48255-2679
38062608   E-mail/PDF: resurgentbknotifications@resurgent.com Jun 06 2020 04:37:01
           LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
           Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
38137509   E-mail/PDF: resurgentbknotifications@resurgent.com Jun 06 2020 04:36:09
           LVNV Funding, LLC its successors and assigns as,    assignee of FFPM Carmel Holdings I, LLC,
           Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
37975553  +E-mail/Text: USTPregion16.LA.ECF@USDOJ.GOV Jun 06 2020 04:26:37    U. S Trustee Office,
           915 Wilshire Blvd #1850,    Los Angeles, CA 90017-3560
                                                                        TOTAL: 12
```

```
          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr         A.C. Cotton
intp       Courtesy NEF
cr         Deutsche Bank National Trust Company, as Trustee,
intp       Interested Party
37975555   Ed Brown,   Unknown address,   Milwaukee Wi
37975545   Herman Cotltran,   Address Unknown,   Las Vegas NV
37975554   Joyce Tillman,   Unknown address,   Richman California
37975550   Kevin Bunker,   Address unknown,   Charlotte North Carolina
37975558   Laura Taylor,   Unknown address,   Green Bay Wi
37975557   Mark Brown,   Unknown address,   Milwaukee Wi
37975551   Mattie Stewart,   Address unknown,   Richmond California
37975556   Peter Tinimal,   Unknown address,   Chicago Ill
                                                              TOTALS: 12, * 0, ## 0
```

# EXHIBIT

# B

At the Hearing, it became abundantly clear that the Debtor would not be able to satisfy the Court's concerns regarding the issues that it raised in the OSC under 11 U.S.C. § 1112(b) and that any further continuation of this case would be unnecessary and improper. All essential parties were before the Court and had an opportunity to be heard. Accordingly and consistently with the Court's stated intention in its tentative ruling, the Court *sua sponte* moved up the hearing on the OSC to be concurrent with the hearing on the Motion.

The Court is sympathetic to the challenges of the Debtor in state court. However, it is not this Court's province, as a Federal Bankruptcy Court, to usurp the role of the state court. The state court has separate duties. This Court's obligation, under Title 11, Chapter 11, is to, among other things, permit debtors to timely and reasonably reorganize their debts. Reorganization is not happening here. Although this case has been pending for over a year, the Debtor has evidenced no effort or present capability to proceed toward confirmation.

The Court's conclusion is unaffected by the Debtor's argument, made on the record that, if given a brief 30-day extension, she could propose a plan and disclosure statement without resolving disputed ownership of certain properties and without resolving other state court matters. If this was the Debtor's intention, she should have *and could have* proposed such a plan and disclosure statement long ago.

Accordingly, there is no need for further briefing and the record of this case has clearly shown that dismissal is proper at this time.

Based on the foregoing and, for the reasons stated on the record, the Court finds that "cause" exists pursuant to 11 U.S.C. § 1112(b) such that the court shall dismiss this case. 11 U.S.C. § 1112(b)(4)(A) (Providing that "cause" includes a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"); 11 U.S.C. § 1112(b)(4)(E) (Explaining that "cause" includes a debtor's "failure to comply with an order of the court"); 11 U.S.C. § 1112(b)(4)(J) (Stating that "cause" also includes a debtor's "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court").

//

> FILED & ENTERED
>
> JUN 04 2015
>
> CLERK U.S. BANKRUPTCY COURT
> Central District of California
> BY evangell DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| In re: | Kimberly Martin-Bragg,<br>Debtor. | Case No.: | 2:14-bk-15698-ER |
|---|---|---|---|
| | | Chapter: | 11 |
| | | | **ORDER DISMISSING CASE PURSUANT TO ORDER TO SHOW CAUSE RE: CONVERSION OR DISMISSAL [D.E. 156] AND FOR REASONS SET FORTH ON THE RECORD** |
| | | | **Advanced Hearing:** |
| | | Date: | June 3, 2015 |
| | | Time: | 10:00 a.m. |
| | | Courtroom: | 1568 |

On March 25, 2014, Kimberly Martin-Bragg ("Debtor") filed a voluntary individual petition under Chapter 11. On May 19, 2015, the Court issued an Order to Show Cause re: Conversion or Dismissal ("OSC") and set a hearing for June 17, 2015. D.E. 156. On May 19, 2015, the Debtor independently filed and set a hearing on the *Debtor's Notice of Motion and Motion for Order Extending Deadline to File Plan and Disclosure Statement [Second Request]* ("Motion") on June 3, 2015. On June 2, 2015, the Court posted a tentative ruling, on the docket at entry 160 and incorporated herein by reference, stating its intention that if the issues raised were not adequately addressed, the Court would dismiss the case. On June 3, 2015, the Motion came on for hearing ("Hearing"). Appearances were as stated on the record.

In light of the numerous, violated, express bases of 11 U.S.C. § 1112(b), and based on the entire history of this case, as set forth in the OSC, and for the reasons set forth on the record at the Hearing, including considerations of the best interests of creditors, IT IS HEREBY ORDERED that:

1. The case is dismissed, the automatic stay is vacated and all pending motions and adversary proceedings are moot and dismissed;

2. All currently scheduled hearings are VACATED; and

3. The Debtors is hereby directed to pay any and all outstanding quarterly fees owed to the Office of the United States Trustee in the current amount of $650.00.

IT IS SO ORDERED.

###

Date: June 4, 2015

Ernest M. Robles
United States Bankruptcy Judge

# EXHIBIT

# C

1                  UNITED STATES BANKRUPTCY COURT

2               CENTRAL DISTRICT OF CALIFORNIA

3                      --oOo--

4  In Re:                 ) Case No. 2:16-bk-22878-BR
                         )
5  KIMBERLY BARBOUR,      ) Chapter 7
                         )
6        Debtor.       ) Los Angeles, California
                         ) Tuesday, April 19, 2022
7  _____  2:00 p.m.

8                     ORDER TO SHOW CAUSE WHY IVAN
                         RENE MOORE SHOULD NOT BE HELD
9                     IN CONTEMPT FOR HIS WILLFUL
                         VIOLATION OF THE DISCHARGE
10                  INJUNCTION UNDER 11 U.S.C.
                         SECTION 524(a)
11

12               TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE BARRY RUSSELL
          UNITED STATES BANKRUPTCY JUDGE
13  APPEARANCES:

14  For the Debtor:         STEVEN A. SHULMAN, ESQ.
                         Leonard, Dicker & Schreiber
15                    9430 Olympic Boulevard
                         Suite 400
16                    Beverly Hills, California
                         90212
17                    (310) 551-1987

18  For the Creditor:      IVAN RENE MOORE, IN PRO PER
                         1236 Redondo Boulevard
19                    Los Angeles, California 90019
                         (323) 932-9439
20

21  Court Recorder:        Dina Johnson
                         United States Bankruptcy Court
22                    Edward R. Roybal Federal
                         Building
23                    255 East Temple Street
                        Los Angeles, California 90012
24

25  Proceedings recorded by electronic sound recording;
    transcript produced by transcription service.

ii

1  Transcriber:                    Briggs Reporting Company, Inc.
                                   9711 Cactus Street
2                                  Suite B
                                   Lakeside, California 92040
3                                  (310) 410-4151

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

21

1          MR. SCHULMAN:  -- because this isn't the superior

2   court.

3          THE COURT:  So what I'm telling you is, I'm glad

4   you -- because you'd be wasting Mr. Moore's time, my time

5   and your time if you argue that Judge Wright said he

6   couldn't file anything in the bankruptcy court.  That he --

7   now if he said that specifically, then that's a different

8   matter.  But I read, I read the order of what was going on.

9   That was with Wells Fargo as I recall.

10          MR. SCHULMAN:  Right.  But the order's broader

11   than that, but it --

12          THE COURT:  No, no, I understand.

13          MR. SCHULMAN:  -- it says, "this court."  If

14   you're --

15          THE COURT:  I know.  There are often unintended

16   consequences.  I have to read the pleading to understanding

17   what the battle was, and then issue an order.  And it was

18   too broad.  He never intended -- he could have if the facts

19   were there, said and he -- and Mr. Moore can't file anything

20   in the --

21          MR. SCHULMAN:  Okay.

22          THE COURT:  He didn't do that.

23          So what I'm suggesting to you -- that is what he

24   did.  He did it in his case.  That if you really feel that

25   it should -- nothing should be filed, that's one thing to

# EXHIBIT

# D

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 56

**BC480013**                                                                August 26, 2020
**IVAN RENE MOORE VS KIMBERLY MARTIN-BRAGG**                                  8:30 AM

Judge: Honorable Holly J. Fujie          CSR: None
Judicial Assistant: O.Chavez             ERM: None
Courtroom Assistant: B.Chavez            Deputy Sheriff: None

did not set forth a deadline for Defendant to comply with such judgment. Thus, due to the lack of a clear and definite deadline therein, Plaintiff is not in violation of the Court's November 8, 2013 interlocutory judgment by a purported failure to return the property as of this date.

Therefore, Plaintiff's request for contempt to obtain the subject property is not the appropriate procedural mechanism.

Issue No.2: Impossibility

"The facts essential to jurisdiction for a contempt proceeding are (1) the making of the order; (2) knowledge of the order; (3) ability of the respondent to render compliance, [and] (4) willful disobedience of the order." (Application of Liu (1969) 273 Cal.App.2d 135, 140.)

The Court finds that based on Defendant's declaration, there is no possibility that Defendant can comply with the Court's November 8, 2013 judgment. Defendant has clearly declared, under the penalty of perjury, that she no longer possesses any of the property at issue in the November 8, 2013 judgment due to the writ executed by Wells Fargo. Thus, under Liu, there is no basis for this Court to hold Defendant in contempt or order an OSC re: contempt. Plaintiff provides no legal authority to support an argument that inconsistent or contradictory statements in pleadings or affidavits rise to the level of contemptable behavior, or that inconsistent and contradictory statements are per se false and warrant a finding of contempt.

Plaintiff only presents speculative facts in his declaration to support contempt against Defendant. A court, however, is to accept a self-serving declaration filed by a party. (Scalf v. D.B. Log Homes, Inc. (2005) 128 Cal.App.4th 1510, 1521-1522.) Plaintiff has presented no evidence that Defendant is in fact aware that the property at issue is in her garage.

Therefore, the Court DENIES WITH PREJUDICE Plaintiff's renewed motion in its entirety.

Moving party is ordered to give notice of this ruling.

Dated this 26th day of August 2020

HOLLY J. FUJIE
_____
Hon. Holly J. Fujie
Judge of the Superior Court

# EXHIBIT

# E

CD-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ivan Rene Moore<br>1236 Redondo Blvd<br>Los Angeles Calfironia 90019 | |

TELEPHONE NO.: 323 932 9439          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Pro Per

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS: 111 Horth Hill Street

CITY AND ZIP CODE: Los Angeles California 90012

BRANCH NAME: Central Branch

PLAINTIFF: Ivan Rene Moore

DEFENDANT: Kimberely Martin Bragg (aka) Kimberly Barbour

| WRIT OF POSSESSION ☑ AFTER HEARING ☐ EX PARTE | CASE NUMBER:<br>BC 480 013 |
|---|---|

TO THE SHERIFF OR ANY MARSHAL OF THE COUNTY OF  Los Angeles

YOU ARE DIRECTED:

1. To levy upon and retain in your custody, until released or sold (Code Civ. Proc., § 514.030), the following property or any part of it *(specify):*

(See attachment 25 E) Per Court order Judge Rosenblatt Nov 8th 2013 turn property over to plaintiff Ivan Rene Moore. The Sheriff or Marshall of the County of Los Angeles shall use resonable forcible entry to enter into the private place listed below for the purpose of levying on the personal property subject to this Writ of Possession.

2. To enter the following private place or places to take possession of the above-described property or some part of it *(specify exact locations):*

6150 Shenandoah Ave, Los Angeles Calif  90056
6160 Shenandoah Ave, Los Angeles Calif  90056

3. To return this writ and the certificate of your proceedings within 30 days after levy and service, but in no event later than 60 days after issuance of this writ.

Dated: MAY  2 0 2021          SHERRI R. CARTER Clerk, by   T. HEATH , Deputy



(SEAL)

**NOTICE TO DEFENDANT:** The plaintiff has filed with the court a written undertaking, a copy of which is attached. You have the right to object to the plaintiff's undertaking on a ground specified in Code of Civil Procedure section 995.920 and in the manner provided in Code of Civil Procedure section 515.030 or to obtain redelivery of the property by filing a written undertaking of your own, in an amount equal to the plaintiff's undertaking or as determined by the court under Code of Civil Procedure sections 515.010 and 515.020. You also have other rights under Code of Civil Procedure sections 512.020–512.120.

If your property has been taken under an ex parte writ of possession, you may apply under Code of Civil Procedure section 512.020(b) for an order that the writ be quashed, any property levied on be released, and for other relief as provided in that section, including an award of damages for any loss sustained by you as a proximate result of the levy.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CD-130 [Rev. January 1, 2006]

**WRIT OF POSSESSION**
**(Claim and Delivery)**

Code Civ. Proc., §§ 512.020–512.120
www.courtinfo.ca.gov

1

**Attachment 25 E**
Judgement Order

2

3   The Court grants Plaintiff IVAN RENE MOORE's request for return of

4   property and orders KIMBERLY MARTIN-BRAGG to return to IVAN

5   RENE MOORE'S clothing, shoes, kitchen equipment, personal property,

6   piano, SSLK console, masters, 71 Camaro, and personal legal documents

7   consistent with the evidence presented at trial.

8

9   This order provides that IVAN RENE MOORE is entitled to the return

10   of all of said property in KIMBERLY MARTIN-BRAGG'S possession or

11   control including that which is in storage.   KIMBERLY MARTIN-

12   BRAGG, her agents, and anyone acting on her behalf are ordered not to

13   sell, give away, damage or keep from IVAN RENE MOORE any of the

14   property that is ordered to be returned.   Kimber Martin-Bragg is

15   ordered to have the property returned to IVAN RENE MOORE

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT

# F

In accordance with the verdict of the jury, the Court renders judgment for Plaintiff IVAN RENE MOORE against KIMBERLY MARTIN-BRAGG on the causes of action for trespass to chattel and conversion and for Defendant KIMBERLY MARTIN-BRAGG on the Civil Code section 1965 cause of action. The Court awards judgment to Plaintiff IVAN RENE MOORE against Defendant KIMBERLY MARTIN-BRAGG in the sum of three million, one hundred and fifty thousand dollars ($3,150,000.00) with interest thereon together with costs in the amount of $_____.

The jury recommends that Plaintiff IVAN RENE MOORE is entitled to the return of personal property specifically identified, to wit, clothing, shoes, kitchen equipment, personal property, piano, SSLK console, Masters, '71 Camaro, personal legal documents and recommends a reduction of the verdict to six hundred fifty thousand dollars ($650,000) should the property be returned.

The Court follows the recommendation of the jury that IVAN RENE MOORE be entitled to the return of his personal property, which the Court finds includes all personal property that was proved at trial to be at 6150 Shenandoah at the time IVAN RENE MOORE was evicted.

The Court grants Plaintiff IVAN RENE MOORE's request for return of property and orders KIMBERLY MARTIN-BRAGG to return IVAN RENE MOORE'S clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, and personal legal documents consistent with the evidence presented at trial. This order provides that IVAN RENE MOORE is entitled to the return of all of said property in KIMBERLY MARTIN-BRAGG'S possession or control including that which is in storage. KIMBERLY MARTIN-BRAGG, her agents and anyone acting on her behalf are ordered not to sell, give away, damage or keep from IVAN RENE MOORE any of the property that is ordered to be returned. KIMBERLY MARTIN-BRAGG is ordered to have the property returned to IVAN RENE MOORE.

5

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

NOV 08 2013

Sherri R. Carter, Executive Officer/Clerk

By Jeff W. Lipp, Deputy

| | |
|---|---|
| IVAN RENE MOORE, | ) Case No. BC480013 |
| | ) |
| Plaintiff, | ) Interlocutory |
| | ) Judgment |
| v. | ) |
| | ) |
| KIMBERLY MARTIN-BRAGG | ) |
| Defendant. | ) |

This action came on regularly for trial on July 15, 2013, in Department 40 of the Los Angeles Superior Court, the Honorable Michelle R. Rosenblatt, Judge presiding. Plaintiff IVAN RENE MOORE appeared *in propria persona* and Defendant KIMBERLY MARTIN-BRAGG appeared by attorney Thomasina M.Reed, Esq.

On October 19, 2012, the Court had granted a motion to consolidate BC480013 with BC483652. On July 15, 2013, at the request of Plaintiff, and with no objection from Defendant Martin-Bragg the Court bifurcated the causes of action for trespass to chattel, conversion of personal property, and Civil Code section 1965 from the remaining causes of action in BC483652 and the trial was heard as to those causes of action alone.

A jury of 12 persons was regularly impaneled and sworn. Witnesses were sworn and testified. The Court granted Plaintiff's request to amend the complaint to conform to proof to add a prayer for the return of the personal property. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury, with directions to return each special verdict and to include a recommendation (advisory verdict) to the Court whether the property should be returned and if so, the jury's recommendation as to the reduction in damages to be awarded. The

jury was instructed to complete the verdicts on the trespass to chattel and on the conversion but that the damages award is in the alternative.

On the conversion cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

   (a) Clothing, shoes, kitchen equipment, and other personal property? YES

   (b) Piano:   YES

   (c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

   (d) Recording Console SSLK? YES

   (e) Music, Sound and Recording Equipment? YES

   (f) Musical Instruments? YES

   (g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

   (h) Masters?  YES

2. Did Kimberly Martin-Bragg intentionally and substantially interfere with any of Ivan Rene Moore's property by taking possession of/preventing Ivan Rene Moore from having access to, or destroying, or refusing to return any of items to which you checked "yes" in question 1 after Ivan Rene Moore demanded its return? YES

3. Did Ivan Rene Moore consent? NO

4. Was Ivan Rene Moore harmed? YES

5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm?  YES

6. What are Ivan Rene Moore's damages?

   a. For fair market value of the property:  $2.5 million ($2,500,000.00)

   b. For lost profits:                    $650,000

   Total:                            $3,150,000

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a?  YES

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned?  Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced?  $2.5 million

On the trespass to chattel cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano:  YES

(c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment?  YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters?  YES

2. Did Kimberly Martin-Bragg intentionally interfere with Ivan Rene Moore's use or possession of any of Ivan Rene Moore's property or damage his property?  YES

3. Did Ivan Rene Moore consent? NO

4. Was Ivan Rene Moore harmed? YES

5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm?  YES

6. What are Ivan Rene Moore's damages?

a. For fair market value of the property: $2.5 million ($2,500,000.00)

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a?  YES

   8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned?  Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

   9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced?  $2.5 million

On the Civil Code section 1965 cause of action, the jury verdict was as follows:

   1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

   (a) Clothing, shoes, kitchen equipment, and other personal property? YES

   (b) Piano:   YES

   (c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

   (d) Recording Console SSLK? YES

   (e) Music, Sound and Recording Equipment?  YES

   (f) Musical Instruments? YES

   (g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

   (h) Masters?  YES

   2. Was the property owned, possessed or which Ivan Rene Moore had the right to possess in 6150 Shenandoah at the time Ivan Rene Moore vacated the premises? YES

   3. Did Ivan Rene Moore request from Kimberly Martin-Bragg or her attorney, in writing, within 18 days of vacating 6150 Shenandoah Avenue, the surrender of the personal property?  YES

   4. Did the written request include a description of the personal property and specify a mailing address of Ivan Rene Moore?  NO

4

Additionally, if the items, or any of them, are not returned, IVAN RENE MOORE may seek enforcement of the judgment for possession of personal property in accordance with Code of Civil Procedure sections 714.010 et seq. The Court will make such further orders as is necessary to effectuate the enforcement of the judgment, including an order for removal of the SSLK Console from 6150 Shenandoah Avenue as it requires professional disassembly.

The Court will reduce the judgment in an amount to be determined by this Court up to $650,000 should Plaintiff receive the return of his property. If KIMBERLY MARTIN-BRAGG returns only a portion of the property or the property is damaged to the extent that it is unusable, Plaintiff may apply to the Court by way of noticed motion for a further Order regarding an offset consistent with the evidence presented at trial and with this judgment.

This judgment is interlocutory due to the bifurcation of pending causes of action unrelated to Plaintiff's personal property. However, the judgment is enforceable.

Dated:  November 8, 2013

**MICHELLE R. ROSENBLATT**

_____

Michelle R. Rosenblatt, Judge

# EXHIBIT

# G

Filed 9/8/17 Moore v. Martin-Bragg CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| IVAN RENE MOORE, | B276366 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BC480013) |
| KIMBERLY MARTIN-BRAGG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle R. Rosenblatt and Michael M. Johnson, Judges.  Affirmed.

Ivan Rene Moore, in pro per., for Plaintiff and Respondent.

Thomasina M. Reed, The Newell Law Firm, Felton T. Newell, for Defendant and Appellant.

# EXHIBIT

# H



Sheriff's Raid on 7/7/21
Debtor Resident
6150 Shenandoah Ave
Martin- Bragg- Barbour

# EXHIBIT

# I



Sheriff's Raid on 7/7/21
Debtor Resident
6150 Shenandoah Ave
Martin- Bragg- Barbour

# EXHIBIT

# J



Sheriff's Raid on 7/7/21
Debtor Resident
6150 Shenandoah Ave
Martin- Bragg- Barbour