JS-6

cc: USBK

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-3463 JGB<br>2:16-bk-22878<br>22-ap-01080-BR | Date | December 16, 2022 |
|---|---|---|---|

Title   *In Re Kimberely Martin-Bragg*

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:   Order Dismissing Appeal (IN CHAMBERS)**

The matter is before the Court on Appellant Ivan Rene Moore's appeal from the Bankruptcy Court's May 9, 2022 Order denying his "Request for Evidentiary Hearing and/or Discovery." (Dkt. No. 1.) On December 1, 2022, the Court issued an order to show cause why this appeal should not be dismissed for violation of the Vexatious Litigant Order and for lack of prosecution. ("OSC," Dkt. No. 11.) The OSC ordered Appellant to respond no later than December 12, 2022. (Id.) In the OSC, the Court advised Appellant "that his failure to file a timely response to this Order shall be deemed his consent to the dismissal of the[] action[] with prejudice." (Id.)

Appellant did not file a timely response. Accordingly, the Court deems his failure to failure a timely response his consent to the dismissal of the appeal with prejudice. Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 42(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A party must prosecute his case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Moore has failed to respond to the Court's OSC by the deadline imposed by the Court. The Court finds that Moore has failed to prosecute this case with reasonable diligence and that dismissal is therefore appropriate.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate. Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency. See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal). Additional delay will also prejudice Appellees, forcing them to spend needless resources on contesting this matter; in fact, Appellant has already unreasonably delayed this action without explanation. See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."). Moreover, less drastic sanctions are not realistic: Appellant has yet to pursue this case in any meaningful way since the filing of the Notice of Appeal, failed to timely respond to the OSC, and is unlikely to vigorously pursue the action in the future.

Additionally, absent any showing to the contrary, the Court finds that Appellant "is subject to the requirements of the Vexatious Litigant Order, and Moore has not complied with its terms," for the same reasons that Judge Gee identified in an appeal of the same underlying action. In re Debtor Kimberly Martin Bragg., C.D. Cal. Case No. 22-3451-DMG, Order Dismissing Appeal (Dkt. No. 15). Appellant's violation of the Vexatious Litigant Order provides a second, independent reason to dismiss the appeal. See id.

For the reasons above, the Court **DISMISSES** the appeal and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**