IVAN RENE MOORE
1236 Redondo Blvd
Los Angeles, Ca 90019
(323) 932-9439

FILED
2023 JAN 31 AM 10: 45
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: EEE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RENE MOORE, | Proceeding No. CV 22-03463 JGB |
| *Plaintiff/Debtor*, | [Hon JESUS G BERNAL] |
| vs. | NOTICE OF APPEAL BY PLAINTIFF IVAN RENE MOORE'S |
| KIMBERLY MARTIN-BRAGG ET. AL, | |
| *Defendants*. | |

ORIGINAL

**THE PLAINTIFF IN THIS ACTION IVAN RENE MOORE HEREBY GIVES NOTICE**: to all parties and the Court of plaintiff Ivan Rene Moore's Notice of Appeal in the case number **CV 22-03463 JGB, Judge presiding over the action Hon JESUS G. BERNAL.**

This Appellant Ivan Rene Moore hereby respectfully appeal to the United States Court of Appeal for the Ninth Circuit from **Judge Hon JESUS G. BERNAL** order erroneously dismissing plaintiff's action on December 16th, 2022, for lack of prosecution and based on an order from District Court Judge Otis Wright dated May 17th, 2018, of the plaintiff's action.

A true and correct copy of judge **Hon JESUS G. BERNAL** order entered in this action on the 16th day of December 2022. *(Document attached as Exhibit A)*.

A true and correct copy of judge **Hon** Otis Wright order entered in this action on the 17th day of May 2018. *(Document attached as Exhibit B)*.

Dated: January 31st, 2023

Respectfully Submitted

Ivan Rene Moore Debtor

NOTICE OF APPEAL

# PROOF OF SERCVICE

I, the undersigned, declare that I am employed in the city of Los Angeles, California. I am over the age of eighteen (18) years and I am not a party to the within action.

On **January 31st 2023**, I served the following document:

## NOTICE OF APPEAL

On the party listed below:

## SEE SERVICE LIST

[ X ]   BY MAIL- I placed each such sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Los Angeles, California, following ordinary business practices.

[ ]   BY FACSIMILE- I caused the said document to be transmitted by Facsimile machine to the address(es) noted above.

[ X ]   STATE- I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ]   FEDERAL- I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

DATED: January 31st 2023

Respectfully Submitted,

Devra Allen

NOTICE OF APPEAL

**CERTIFICATE OF MAILING**

I hereby certified that on this 31st day of January 2023, I placed a true and correct copy of the foregoing.

**NOTICE OF APPEAL**

in the United States mail, postage prepaid, addressed to parties on the attached service list:

**Respectfully Submitted,**

*[signature]*

Ivan Rene Moore

# SERVICE LIST

Steven A. Schuman
Leonard Dicker and Schreiber LLP
10940 Wilshire Boulevard Suite 2100
Los Angeles, CA 90024-3936
Attorney for Kimberley Martin Bragg

Ronald Hills
1236 Redondo Blvd
Los Angeles, California 90019

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—GENERAL

| Case No. | CV 22-3463 JGB<br>2:16-bk-22878<br>22-ap-01080-BR | Date | December 16, 2022 |
|---|---|---|---|

Title  *In Re Kimberely Martin-Bragg*

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Present  None Present

**Proceedings:   Order Dismissing Appeal (IN CHAMBERS)**

The matter is before the Court on Appellant Ivan Rene Moore's appeal from the Bankruptcy Court's May 9, 2022 Order denying his "Request for Evidentiary Hearing and/or Discovery." (Dkt. No. 1.) On December 1, 2022, the Court issued an order to show cause why this appeal should not be dismissed for violation of the Vexatious Litigant Order and for lack of prosecution. ("OSC," Dkt. No. 11.) The OSC ordered Appellant to respond no later than December 12, 2022. (Id.) In the OSC, the Court advised Appellant "that his failure to file a timely response to this Order shall be deemed his consent to the dismissal of the[] action[] with prejudice." (Id.)

Appellant did not file a timely response. Accordingly, the Court deems his failure to failure a timely response his consent to the dismissal of the appeal with prejudice. Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 42(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A party must prosecute his case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Moore has failed to respond to the Court's OSC by the deadline imposed by the Court. The Court finds that Moore has failed to prosecute this case with reasonable diligence and that dismissal is therefore appropriate.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate. Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency. See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal). Additional delay will also prejudice Appellees, forcing them to spend needless resources on contesting this matter; in fact, Appellant has already unreasonably delayed this action without explanation. See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."). Moreover, less drastic sanctions are not realistic: Appellant has yet to pursue this case in any meaningful way since the filing of the Notice of Appeal, failed to timely respond to the OSC, and is unlikely to vigorously pursue the action in the future.

Additionally, absent any showing to the contrary, the Court finds that Appellant "is subject to the requirements of the Vexatious Litigant Order, and Moore has not complied with its terms," for the same reasons that Judge Gee identified in an appeal of the same underlying action. In re Debtor Kimberly Martin Bragg., C.D. Cal. Case No. 22-3451-DMG, Order Dismissing Appeal (Dkt. No. 15). Appellant's violation of the Vexatious Litigant Order provides a second, independent reason to dismiss the appeal. See id.

For the reasons above, the Court **DISMISSES** the appeal and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**

# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RENE MOORE,<br>Plaintiff<br>v.<br>WELLS FARGO BANK, et al.,<br>Defendant. | Case No. 2:17-cv-04828-ODW (GJS)<br><br>**JUDGMENT** |

Pursuant to the Court's Order Accepting the Findings and Recommendations of United States Magistrate Judge Gail J. Standish,

**IT IS ADJUDGED THAT** this case is dismissed in full as follows:

(1) the federal claim against Wells Fargo is dismissed with prejudice;

(2) all state law claims are dismissed without prejudice; and

(3) all claims against the United Marshals Service are dismissed without prejudice.

DATE: May 17, 2018

OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RENE MOORE, <br> Plaintiff <br> v. <br> WELLS FARGO BANK, et al., <br> Defendants. | Case No. 2:17-cv-04828-ODW (GJS) <br> **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; DECLARING PLAINTIFF TO BE A VEXATIOUS LITIGANT; AND ENTERING PRE-FILING ORDER** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint and all pleadings, motions, and other documents filed in this action; the Report and Recommendation of United States Magistrate Judge [Dkt. 27 ("Report")]; Plaintiff's Objections to the Report [Dkt. 28]; Plaintiff's two Requests for Judicial Notice [Dkts. 29, 30]; the Reply of Defendants Wells Fargo Bank, N.A., Asset Reliance, Craig Hansen, Edward D. Testo (collectively "Bank Defendants") [Dkt. 31]; Bank Defendants' Supplemental Request for Judicial Notice [Dkt. 32]; and Bank Defendants' Motion to Strike Plaintiff's Requests for Judicial Notice [Dkt. 33]. Defendant Gregory Barbour did not file objections or a reply. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

Plaintiff's Objections appear to be an attempt to obfuscate the issues relevant to the only matters before the Court, namely, the two Dismissal Motions brought by the Bank Defendants and Defendant Barbour and the Vexatious Litigant Motion brought by the Bank Defendants. Plaintiff first reiterates his bailment theory, proffered in response to the Dismissal Motions, which constitutes a belated attempt to try out a completely new and inconsistent position with respect to Plaintiff's ownership (or lack thereof) of the personal property at issue in this action. As the Report correctly concludes, the issue of Plaintiff's ownership of the personal property at issue here already had been resolved against him repeatedly in several prior actions and, thus, is barred from re-litigation in this case by the doctrine of res judicata. Plaintiff's attempt to avoid the res judicata effect of these prior lawsuits by proffering here factual assertions that directly contradict those he made in the prior lawsuits, not only is ineffective to avoid the res judicata doctrine but raises substantial concerns under Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff next objects to the Magistrate Judge's finding that a hearing on the Dismissal Motions and Vexatious Litigant Motion was not necessary [Dkts. 12, 16]. The Court finds that the procedure followed was appropriate and consistent with Local Rule 7-15. If Plaintiff believed a hearing was needed, he could have sought reconsideration from the Magistrate Judge or District Judge, but failed to do so. His belated complaint is not persuasive.

Plaintiff's position that he was "reluctant" or "hesitant" to inform the Court that he had allegedly encountered difficulty serving the U.S. Marshals Service is equally unconvincing. According to the declaration from the process server, Plaintiff attempted to serve the U.S. Marshals Service on July 12, 2017; just twelve days after the ninety-day deadline began to run under Rule 4(m). Plaintiff, therefore, had seventy-eight days after the alleged refusal of service by the U.S. Marshals Service to request assistance from the Court or to seek an extension of the Rule 4(m) deadline. Instead, Plaintiff did nothing, allowed the Rule 4(m) deadline

1  to expire, and then over six months later, when these Objections were filed, finally
2  noted the issue. Given Plaintiff's active litigation in various state, federal, and
3  bankruptcy courts—a litigation history so active that it has prompted the instant
4  Vexatious Litigant Motion—the Court finds Plaintiff's allegation that he was
5  hesitant to contact the Court to be wholly unpersuasive. Moreover, and as noted in
6  the Report, given that Plaintiff's two claims against the U.S. Marshals Service are
7  premised on a violations of 42 U.S.C. § 1983, and thus are not cognizable against
8  this federal agency, good cause for an extension of time to serve a Defendant whose
9  dismissal would be required simply does not exist. Accordingly, Plaintiff has failed
10 to meet his burden of showing good cause for his failure to effect service of process
11 on the U.S. Marshals Service and the Report did not err in concluding that this
12 Defendant should be dismissed.

13 Aside from the above matters, nothing else set forth in the Objections
14 warrants discussion, as the remainder of the Objections do not affect, alter, or call
15 into question anything in the Report.

16 The Court now turns to the three Requests for Judicial Notice [Dkts 29, 30,
17 32]. Plaintiff's two Judicial Notice Requests [Dkts. 29, 30] are DENIED, because,
18 while the Court may take judicial notice of court filings and other pleadings under
19 Federal Rule of Evidence 201, the documents submitted by Plaintiff are not relevant
20 to the two Dismissal Motions or Vexatious Litigant Motion currently pending before
21 this Court. Rather, the court filings and pleadings proffered by Plaintiff concern a
22 separate, closed case that is currently on appeal to the Ninth Circuit. [*See Moore v.*
23 *Bragg*, C.D. Cal. Case No. 2:15-cv-8021-ODW (GJS).] The Court is not going to
24 consider whether rulings made in a prior case were proper or not, because, at this
25 juncture, the Ninth Circuit is the proper forum to consider issues relating to this

closed matter.[1] The Bank Defendants request that the Court judicially notice three recent bankruptcy court filings and pleadings in support of their Vexatious Litigant Motion [Dkt. 32]. This request is GRANTED, as the documents are the type of which judicial notice may be taken and are relevant to, and underscore, the reasons why the Magistrate Judge concluded that designating Plaintiff as a vexatious litigant, and issuing a pre-filing order, is appropriate.

Lastly, the Court has considered Defendants' request that the Court require Plaintiff to post a security as part of any pre-filing order to be issued. The Court declines to impose a security at this time, but notes that this issue may be revisited if circumstances change.

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that:

(1) the Report is accepted;

(2) Defendants Wells Fargo Bank, Craig Hansen, Edward Testo, and Asset Reliance, Inc.'s Motion to Dismiss is GRANTED as follows [Dkt. 13]:

    a. the federal claim against Wells Fargo is dismissed with prejudice; and

    b. all state law claims are dismissed without prejudice.

(3) all claims against the United Marshals Service are dismissed without prejudice;

(4) George Barbour's Motion to Dismiss without prejudice is DENIED AS MOOT [Dkt. 10];

(5) Defendants' Vexatious Litigant Motion [Dkt. 14] is GRANTED as set forth in the Report;

(6) Plaintiff is hereby declared to be a vexatious litigant;

---

[1] Bank Defendants' Motion to Strike Plaintiff's Requests for Judicial Notice [Dkt 33] is DENIED AS MOOT in light of the Court's ruling above.

(7) A pre filing Order shall be issued as set forth below; and

(8) Judgment shall be entered dismissing this action consistent with the foregoing.

**PRE-FILING ORDER**

The Court enters the following Pre-Filing Order against Plaintiff:

(1) Any case-initiating pleading submitted by Plaintiff must be screened to determine if does any of the following: seeks to raise any of the claims alleged in this action; attacks, seeks to vacate, void or expunge, or otherwise seeks to challenge in any way – whether directly or indirectly – Wells Fargo's $7.1 million judgment lien or Wells Fargo's right to levy and sell personal property of Moore and the other Judgment Debtors; or seeks to litigate ownership of 6150 Shenandoah Avenue, Los Angeles, California 90065 ("Shenandoah Residence") or the personal property at the Shenandoah Residence.

(2) Any case-initiating pleading submitted by Plaintiff raising any such matter(s) is presumptively barred by reason of Plaintiff's vexatious litigant status and therefore will not be filed unless: Plaintiff concurrently submits a motion seeking leave to file the pleading that sets forth adequate justification for its filing and the initiation of the new case; and a District Judge or Magistrate Judge of this Court grants such leave and directs that the pleading be filed and the new case be initiated.

(3) To effectuate this Pre-Filing Order, the Clerk of the Court: shall no longer file any case-initiating pleading of any type submitted by Plaintiff without first obtaining written authorization of a District Judge or Magistrate Judge of this Court; and shall present any case-initiating pleading of any type proffered by Plaintiff first to a District Judge or Magistrate Judge for screening review prior to filing and a determination of whether such pleading falls within, or outside of, the scope of the Pre-Filing Order.

5

(4) Plaintiff is ordered to submit a copy of this Pre-Filing Order with any case-initiating pleading he proffers to this Court.

**IT IS SO ORDERED.**

DATE: <u>May 17, 2018</u>

OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

6